## McKIE LIGHTER CO. v. COLLINS.

(Circuit Court of Appeals, First Circuit. February 11, 1919.)

No. 1385.

SHIPPING ☞209(3)—RIGHT TO LIMITATION OF LIABILITY—PRIVITY OR KNOWLEDGE OF PETITIONER.

Action of a District Court in dismissing a petition for limitation of liability for a personal injury, on the ground that petitioner was not without privity or knowledge of the acts causing the injury, held sustained by the evidence.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Petition in admiralty by the McKie Lighter Company for limitation of liability; Charles Collins, claimant. From a decree dismissing the petition, petitioner appeals. Affirmed.

G. Philip Wardner, of Boston, Mass., for appellant.

Wilfred B. Keenan and Damon E. Hall, both of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts dismissing the petition of the McKie Lighter Company, the owner of a lighter, to have its liability for an injury suffered by Charles Collins, the claimant, determined, and, if liable, the damages limited.

In its assignments of error the Lighter Company complains that the District Court erred: (1) In dismissing its petition; (2) in not limiting its liability to the value of the lighter and pending freight; (3) in holding that the injury was not inflicted without its privity or knowledge; (4) in holding that the ultimate question was whether, upon the facts stated, Capt. Gurney, by his acts or failure to act so ratified and adopted the work in progress as to make it responsible therefor; (5) in finding and ruling that Capt. Gurney, by his acts

or failure to act, so ratified and adopted the work in progress as to make it responsible therefor; and (6) in finding that the tug Ida M. Chase came to the wharf and her master told Capt. Gurney that he desired to remove a rope from the tug's propeller.

The evidence discloses that, prior to the filing of the petition, Collins had brought a suit in the superior court of Massachusetts against the Lighter Company to recover damages for an injury sustained while at work under the stern of the tug, Ida M. Chase, endeavoring to remove a rope from her propeller (her stern at the time being raised in the air by the company's lighter to permit the work to be done) and had recovered a verdict for $10,000; that the case was transferred to the Supreme Judicial Court, on exceptions to the refusal of the court below to direct a verdict for the defendant; and that the exceptions were overruled and the case certified back to the superior court for judgment. 230 Mass. 281, 120 N. E. 66. In the Supreme Judicial Court it was held that the evidence warranted the jury in finding: (1) That Collins was not a volunteer or a trespasser, and was of right in the place where he was at the time he suffered the injury of which he complained; (2) that the defendant had undertaken the work of raising the tug, and the acts of its servants and agents were authorized; and (3) that the defendant was negligent, in that it could be found that the hook on the fall of the derrick holding the sling passed around the stern of the tug was "so worn, chafed, and frayed" that when subjected to the necessary strain it gave way, and that this condition could have been ascertained and remedied by the exercise of reasonable diligence on the part of the defendant's agents and servants.

It is conceded that the liability of the appellant for the injury suffered by the claimant is concluded by the judgment of the state court. This concession disposes of the questions raised by the first two assignments of error so far as they relate to the question of liability. It is also conceded that the lighter is a vessel, within the meaning of sections 4283–4288 (Comp. St. §§ 8021–8026), and section 4289, as amended by Act June 19, 1886, c. 421, § 4, 24 Stat. 80 (Comp. St. § 8027); that its value is less than the damages suffered by the claimant; and that the privity or knowledge of Capt. Gurney, who was the vice president, director, and general manager of the Lighter Company, was the privity or knowledge of the company.

The finding complained of in the sixth assignment of error is immaterial, as the judgment of the state court determined that the Lighter Company had undertaken the work of raising the tug and that its servants and agents were acting within their authority in undertaking to raise her as they did. The fourth and fifth assignments, if they pertain to any question apart from those concluded by the judgment in the state court, relate merely to subsidiary matters stated by the District Judge in a course of reasoning by which he reached the conclusion that the injury inflicted upon Collins was not without the privity or knowledge of Capt. Gurney, who in this case is the Lighter Company, and in this respect they do not differ from the third assignment of error. Such being the case, the question is whether the evidence

produced at the trial is such that it should be found that the injury inflicted upon Collins by the Lighter Company was without the privity or knowledge of Gurney.

As to this matter Capt. Gurney testified that shortly before the accident occurred he looked out of a window in the entry leading from the office of the Lighter Company and saw the tug stern up in the air from Lighter No. 2; that he went directly out and found that the engineer of the tug was on the hub of its propeller, and that the claimant, Collins, was in a boat underneath the arch of the tug; that he (Gurney) was there about 15 minutes before the accident happened; that the lighter was not suitable to hoist the tug; that her tackle, engine, and boom were all too light to do the work; that the ends of the straps secured about the stern of the tug were improperly fastened to the hook on the derrick, and brought an unusual strain on the point of the hook; that he saw this the instant he got down there; that as general manager of the company he had control and direction of the lighter, with authority to order the work to stop, and that he stood there and watched the work go on for 15 minutes, and saw the accident happen which he anticipated would occur at the time he looked out of the window; that the two men were then underneath the tug and about 35 feet from him; that, although he knew they were in a dangerous position, he did not tell them to get out, or tell the engineer of the lighter not to do any more hoisting; that while he was there, and some 5 minutes or more before the accident occurred, the tug sank somewhat into the water, and he saw the engineer of the lighter put on steam and raise the tug higher; that he did not tell the engineer to stop until he thought the tug was high enough out of the water to permit the men to continue their work under the tug; that he then told the engineer to stop, and stood there and watched the work go on. He also testified that, upon reaching the lighter, he told the captain of the tug to order the men out, that it was dangerous, and that the captain of the tug replied that he thought it was all right. But inasmuch as he remained there without taking steps to stop the work, and in fact participated in raising the tug, knowing that the lighter and its equipment were insufficient for the work, and that there was an excessive strain on the point of the hook, we think that he was derelict in his duty, and cannot be said to be without the privity or knowledge essential to entitle the appellant to limit its liability.

The contention of the Lighter Company that it performed its full duty to Collins as an invitee upon its premises cannot be sustained. This matter was concluded by the judgment in the state court, where the question of the company's negligence was in issue, was actually litigated, and was determined against it. But, if this were not so, we think the reasonable conclusion to be drawn from the evidence is that the company did not perform its duty in this respect.

The decree of the District Court is affirmed, with costs to the appellee in this court.